(20 Misc. Rep. 15.)

LAWRENCE v. SAMUELS.

(City Court of New York, General Term. April 1, 1897.)

1. DAMAGES—PHYSICAL EXAMINATION—PRESENCE OF ATTORNEY.
 An attorney has not the right to be present, nor to have men present, at the physical examination of his female client, made by order of court pursuant to Code Civ. Proc. § 873, providing for the physical examination of a female plaintiff by a female physician.

2. OFFICERS—PHYSICIAN MAKING EXAMINATIONS—QUALIFYING.
 A physician appointed under Code Civ. Proc. § 873, to make a physical examination of a party to an action, is an officer of the court, and should be sworn.

Appeal from special term.
Action by Lizzie Lawrence against Levi Samuels for personal injury. From an order denying further physical examination, defendant appeals. Affirmed.
Argued before FITZSIMONS, McCARTHY, and CONLAN, JJ.

Nadal, Smith, Carrere & Trafford, for appellant.
Fromme Bros., for respondent.

McCARTHY, J. This is an appeal from an order denying further physical examination of the plaintiff by a female physician. The constitutionality of the act has been settled. Lyon v. Railway Co., 142 N. Y. 298, 306, 37 N. E. 113. And in order to meet the objection of Mr. Justice Gray, in the supreme court of the United States, in the case of Railway Co. v. Botsford, 141 U. S. 250, 11 Sup. Ct. 1000, in which he says, "To compel any one—especially a woman—to lay bare the body, or to submit it to the touch of a stranger, without lawful authority, is an indignity, an assault, and a trespass,"—it has been provided that, where the party is a female, she shall be entitled to have such examination before physicians or surgeons of her own sex. Section 873 of the Code of Civil Procedure. I cannot and do not agree with the respondent's counsel that, in such an examination, he has the right to bring whom he pleases, of the male sex, to witness his client (a female) strip and expose herself. There is no such law, and, besides the female client, there may be present the female physician appointed by the court, and a female physician to represent the interest of each of the parties in litigation, and such other females as the plaintiff may desire. The law never intended that the attorney or any male should appear or take part in any such physical examination. He may be present, however, at the oral examination of the physician thereafter. The physician appointed is an officer of the court, and subject to directions of the same, and to its orders, and should be sworn.

The only other question to consider is, was the order appealed from discretionary, and was it properly exercised, and we are satisfied that it was. From a careful examination of the testimony of the physician, we think it was sufficient to meet the requirements of the order for the examination.

The order appealed from is therefore affirmed, with costs. All concur.