Argued April 4, affirmed May 15, 1963

# PEMBERTON *v.* BENNETT ET AL

381 P. 2d 705

*Martin Schedler,* Portland, argued the cause for appellant. On the briefs were Schedler & Moore, Portland.

*Thomas E. Cooney,* Portland, argued the cause for respondents. With him on the brief were Maguire, Shields, Morrison, Bailey & Kester, Portland.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

DENECKE, J.

The defendants admitted liability and plaintiff recovered a verdict in a personal injury action in the sum of $1,731.55. Plaintiff alleges that she suffered serious injuries and in her complaint she prayed for $45,000 general damages and $1,231.55 special damages. Plaintiff has appealed from the verdict.

Plaintiff assigns as error the trial court's granting of defendants' motion to require plaintiff to be physically examined by a physician selected by the defendants out of the presence of plaintiff's attorney. Defendants' motion was accompanied by an affidavit. It recited that it had been arranged for plaintiff to be examined by a physician; that the plaintiff arrived with her attorney who refused to permit the plaintiff to be examined unless he was present; and that the physician refused to make the examination under these conditions. There is nothing to indicate in what way plaintiff believed her physical examination out of the presence of her attorney would be or was prejudicial

to her. The defendants did not offer any testimony at the trial and the physician who examined the plaintiff did not testify.

Other jurisdictions have varied in their solution to this problem; partially depending upon statutes of the jurisdiction and the particular circumstances attendant upon the examination. See Annotation, "Right of party to have his attorney or physician present during his physical examination at instance of opposing party," 64 ALR2d 497 (1959).

This court in *Carnine v. Tibbetts,* 158 Or 21, 74 P2d 974, held that the requirement of a physical examination by a physician selected by the opposing party is largely within the discretion of the trial court. In that case, however, it was held that the trial court abused its discretion by refusing to order a physical examination. The court there stated, at p 34:

"The order requiring the litigant to submit to a physical examination should contain provision for reasonable safeguard against offending or injuring the party to be examined. If the plaintiff has any objection to being examined by the doctor suggested by the defendant, the court should designate some physician of competent skill, indifferent between the parties: * * *

"Other matters which may arise relating to the examination should be provided for in the order appointing the physician. * * *"

The right of counsel to be present was not discussed.

■ We hold that whether or not counsel can insist on being present at a medical examination of his client by a physician other than the treating physician, is a matter largely within the discretion of the trial court.

The most compelling ground for conditioning the right to a physical examination upon the right of coun-

sel to be present is that when a person retains counsel to represent him in litigation, such counsel ordinarily can be present at all times to advise his client in any matter affecting the lawsuit. On the other hand, a medical examination is not an occasion when the assistance of counsel is normally necessary. This is so because of the nature of a medical examination, which is very different, for example, from an oral discovery examination by opposing counsel. It is also not ordinarily regarded as an adversary proceeding because a medical examiner is not supposed to be, and ordinarily is not, seeking to establish facts favorable to the party who engaged him to make the examination. This is the case even though the examining physician is selected and compensated by the opposing party.[1] Unfortunately, such objectivity is not always present.

The presence of an attorney in an examination would probably tend to prolong the examination and could create an atmosphere in which it would be difficult to determine the examinee's true reactions. This would result in it becoming more difficult to secure a medical examination by the kind of physician whose opinions are particularly desired by the court, i.e., those who regard the examination as an objective attempt to find the facts, regardless of the consequences to any party.

However, there are certain occasions when the trial court might determine that the attorney's presence at all or part of an examination is a reasonable request. The examinee, the examiner, the nature of the proposed examination or the nature of the medical prob-

[1] Principles of Medical Ethics, American Medical Association, § 6: "A physician should not dispose of his services under terms or conditions which tend to interfere with or impair the free and complete exercise of his medical judgment and skill or tend to cause a deterioration of the quality of medical care."

lem,—these factors, separately or collectively, could cause the trial court to condition the examination upon the attorney being permitted to be present at all or part of the examination.

■ In the instant case, no reason was advanced why it was desirable or necessary that the attorney for the plaintiff be present at the examination. The trial court had no basis for determining whether or not the examination should be conducted with or without the presence of plaintiff's counsel. This assignment of error is found to be groundless.

■ The defendants attempted to prove at trial that the plaintiff's injuries were not caused by defendants' fault but had been caused by a prior accident. Plaintiff objected to such proof and now contends that its admission was error because such proof was a matter of mitigation of damages and mitigation had not been pleaded by the defendants. This is not a matter of mitigation of damages. Defendants were contending that the plaintiff's condition was not caused by the conduct of the defendants, but rather was caused by a prior accident. This is a contention that may be made under pleadings in which the defendants deny plaintiff's injuries were caused by defendants' conduct.

■ Plaintiff excepted to the court's instruction to the jury that the plaintiff could not recover for an aggravation of a pre-existing injury because the plaintiff had not pleaded aggravation. Plaintiff argues that aggravation was not in the case because she did not plead it and neither did defendants. As above stated, the defendants did urge that the injuries plaintiff was seeking damages for were caused by a prior accident. The physician called by the plaintiff testified that there was some relationship between plaintiff's pres-

ent physical condition and the prior accident. The trial court was justified in believing, under these circumstances, that an instruction that the plaintiff could not recover for an aggravation of a prior injury was necessary for the clarification of the jury.

Judgment affirmed.