174 So.2d 660 (1965)
Audrey SIMON, Plaintiff and Relator,
v.
Aaron P. CASTILLE et al., Defendants and Respondents.
No. 1385.
Court of Appeal of Louisiana, Third Circuit.
April 19, 1965.
Rehearing Denied May 19, 1965.
Writ Refused June 28, 1965.
*661 Simon & Trice, by Phil Trice, Lafayette, for plaintiff-relator.
Davidson, Meaux, Onebane & Donohoe, by J. J. Davidson, Jr., Lafayette, for defendant-respondent.
CULPEPPER, Judge.
Plaintiff sued for damages for personal injuries resulting from an automobile accident. For discovery purposes, defendants moved for an order of court, requiring plaintiff to submit to a physical examination, by a physician of defendants' choice, and out of the presence of plaintiff's attorney. To this motion, plaintiff filed an answer, agreeing to the examination, but asking the court to impose the following conditions: (1) That plaintiff's attorney be present during the taking of any medical history and during any portion of the examination, which does not require that she be disrobed; (2) that plaintiff, if she chooses, be accompanied by her husband and/or her own physician during said examination.
Judgment was rendered ordering "* * * said examination is to be made by physician of defendants' choice, out of the presence of plaintiff's attorney." No ruling was made on the request for plaintiff's husband or personal physician to be present.
Pursuant to said order, defendants mailed notice that plaintiff submit to examination by Dr. Kenneth Saer in New Orleans on December 17, 1964. On that date plaintiff appeared in Dr. Saer's office and handed him a written medical history, which had been prepared by plaintiff's attorney, and stated that she would not answer any further questions concerning the history, but would freely answer questions and submit *662 to examination concerning her present physical condition. After reading the document, Dr. Saer stated that he could not conduct the examination under these conditions.
Defendants then filed a motion alleging that plaintiff had refused to submit to a physical examination as previously ordered, in that she had refused to give the doctor any medical history other than that contained in the written document. After hearing, the district judge ruled that plaintiff had not complied with the court's previous order and entered an additional order that further proceedings herein be stayed until plaintiff "* * * will submit herself to a doctor of defendants' choice for the purpose of a physical examination outside of the presence of plaintiff's attorneys.' On application of the plaintiff, we granted a writ of certiorari and the matter is now before us under our supervisory jurisdiction.
The issues before us are: (1) Did the district judge err in ordering plaintiff to submit to the examination outside the presence of plaintiff's attorney; (2) Was the written medical history, and the refusal to give any further medical history to the doctor, a compliance with the court's order to submit to a physical examination.
The applicable statutory provisions are found in that portion of our Code of Civil Procedure dealing with Depositions and Discovery.
LSA-C.C.P. Article 1493 reads as follows:
"In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending or in which the judgment was originally rendered may order him to submit to a physical or mental examination by a physician, except as otherwise provided by law. The order may be made only on motion for good cause shown and upon notice to the party to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."
LSA-C.C.P. Article 1494 reads in pertinent part as follows:
"If requested by the person examined, the party causing the examination to be made shall deliver to him a copy of a detailed written report of the examining physician setting out his findings and conclusions."
The basic issue in this case is plaintiff's right to have her attorney present during the examination. Plaintiff contends she has this privilege as an absolute right. Defendant contends this is merely one of the "conditions" within the discretion of the trial judge to specify under LSA-C.C.P. Article 1493.
We note at the outset that the plain language of LSA-C.C.P. Article 1493 does not provide for the presence of plaintiff's attorney at the examination. The article clearly gives great discretion to the trial judge. He may deny the motion unless "good cause" for the examination is shown. He may "specify the time, place, manner, conditions, and scope of the examination * * *" The defendant does not even have the absolute right to choose the physician, this also being left finally to the court's discretion. Thus, the language of the statute itself appears to support defendant's position.
The question is res nova in the appellate courts of Louisiana, but has been considered by several other state and federal courts. From the annotation found in 64 A.L.R.2d 497-503, it is our impression that in those jurisdictions where no statutory provisions were involved, that is, no statute requiring submission to a physical examination and no discovery procedure requiring reports of such examinations be made available to counsel for the party examined, the courts have generally upheld the plaintiff's right to have his counsel present. Williams v. *663 Chattanooga Iron Works, 131 Tenn. 683, 176 S.W. 1031; Sharff v. Superior Ct., 44 Cal.2d 508, 282 P.2d 896, 64 A.L.R.2d 494; Kelley v. Smith & Oby Co., Ohio Com. Pl., 129 N.E.2d 106; Francisco v. Hoffman, Ohio Com. Pl., 131 N.E.2d 692. However, in the federal courts and in those states where such statutes do exist, the courts have generally held plaintiff does not have an absolute right to have his counsel present at the examination, this and other conditions of the examination being within the discretion of the trial judge. Bowing v. Delaware Rayon Co., 8 W. W. Harr. 206, 38 Del. 206, 190 A. 567; Pemberton v. Bennett, 234 Or. 285, 381 P.2d 705; Lawrence v. Samuels, 20 Misc. 15, 44 N.Y.S. 602.
The case of Dziwanoski v. Ocean Carriers Corp., 26 F.R.D. 595 (D.C.1960) is particularly applicable here because it involves an interpretation of Federal Civil Rule 35, the source of our own LSA-C.C.P. 1493. We agree with the following statements from the court's opinion:
"The law permitting a party to obtain physical examinations of adverse parties has developed over the years as the problems of personal injury litigation have developed and have become better understood. In the absence of a statute or a rule similar to Rule 35 it has been generally held that the attorney for the examined party may be present at such an examination. See cases collected in 64 A.L.R.2d 497, 501 (sec. 5). On the other hand, it has been held that where the examination is authorized by a statute or rule which provides some protective devices but does not provide for the presence of counsel, the result should be otherwise. In Bowing v. Delaware Rayon Co., 8 W.W.Harr. 206, 38 Del. 206, 190 A. 567, 569, where there was a statute similar to Rule 35, the Court said:
"`The statute does not provide for the presence of counsel at examinations, and, we think, there are sufficient reasons why they should not be present. No useful purpose would be served, and examinations would be, perhaps, interfered with and unduly prolonged.
"`The purpose of the statute is to lessen the danger of fraud by enabling the defendant to prepare himself properly for trial. It places a defendant on an equal footing, as nearly as may be with a plaintiff, so far as concerns the opportunity to discover the true nature and extent of injury suffered.' 38 Del. at pages 208-209, 190 A. at page 568.
"Compare Lawrence v. Samuels, 20 Misc. 15, 44 N.Y.S. 602; Kuyamjian v. Murrah, 5 Misc.2d 204, 157 N.Y.S.2d 627.
* * * * * *
"The presence of the lawyer for the party to be examined is not ordinarily either necessary or proper; it should be permitted only on application to the court showing good reason therefor. If the attorney desires to be present in order to control the examination, that would invade the province of the physician; if he desires his observations to be the basis of cross-examination or possible contradiction of the doctor, he is making himself in effect a witness, with the difficulties which are likely to arise when an attorney asks questions on cross-examinations based upon his own observations, and the possibility that he may wish to take the stand and thereby disqualify himself from completing the trial as the attorney. See Canon 19 of the Canons of Professional Ethics, adopted by the American Bar Association in 1908 and by the Maryland State Bar Association in 1948.
* * * * * *
"If counsel is concerned about the adequacy of the examination, he may time the examination, ask his own client questions about it, cross-examine the doctor, and, of course, inspect the report which he is entitled to demand under Rule 35. Finally, if the court *664 concludes that a particular doctor cannot be trusted to make a fair examination, it may refuse the requested order or designate another doctor in whom the court has confidence. These measures adequately safeguard the parties in the ordinary case; exceptional cases can be dealt with as they arise."
Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963) holds we are justified in considering the jurisprudence of Federal Courts where we have not yet developed our own jurisprudence on procedural statutes having Federal Rules as their source.
One of plaintiff's principal arguments is that a physical examination by defendants' physician, as ordered by the court, is an adversary proceeding during which plaintiff is entitled to counsel. This argument is answered in one of the most recent state court decisions on the subject, Pemberton v. Bennett, 234 Or. 285, 381 P.2d 705 (1963). Oregon law statutorily provides for discovery procedure, including physical examination. In a well reasoned opinion the court held:
"We hold that whether or not counsel can insist on being present at a medical examination of his client by a physician other than the treating physician, is a matter largely within the discretion of the trial court.
"The most compelling ground for conditioning the right to a physical examination upon the right of counsel to be present is that when a person retains counsel to represent him in litigation, such counsel ordinarily can be present at all times to advise his client in any matter affecting the lawsuit. On the other hand, a medical examination is not an occasion when the assistance of counsel is normally necessary. This is so because of the nature of a medical examination, which is very different, for example, from an oral discovery examination by opposing counsel. It is also not ordinarily regarded as an adversary proceeding because a medical examiner is not supposed to be, and ordinarily is not, seeking to establish facts favorable to the party who engaged him to make the examination. This is the case even though the examining physician is selected and compensated by the opposing party. Unfortunately, such objectivity is not always present.
"The presence of an attorney in an examination would probably tend to prolong the examination and could create an atmosphere in which it would be difficult to determine the examinee's true reactions. This would result in it becoming more difficult to secure a medical examination by the kind of physician whose opinions are particularly desired by the court, i.e., those who regard the examination as an objective attempt to find the facts, regardless of the consequences to any party.
"However, there are certain occasions when the trial court might determine that the attorney's presence at all or part of an examination is a reasonable request. The examinee, the examiner, the nature of the proposed examination or the nature of the medical problem,these factors, separately or collectively, could cause the trial court to condition the examination upon the attorney being permitted to be present at all or part of the examination.
"(2) In the instant case, no reason was advanced why it was desirable or necessary that the attorney for the plaintiff be present at the examination."
2A Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, Sec. 822.2, pages 489-490, gives this penetrating observation, with which we agree:
"The only reason which would support permitting an attorney to be present is that the doctor must ask the examined party questions during the examination. He must be permitted to take the party's history and to ask such *665 other questions as will enable him to formulate an intelligent opinion concerning the nature and extent of the party's injuries. He should not, however, ask questions which might obtain admissions bearing on the issue of liability. Those courts which permit the attorney to be present reason that a lay person should not be expected to evaluate the propriety of every question at his peril. The danger against which the presence of the attorney is intended to protect can be guarded against in other ways, particularly by excluding from evidence any statements made by the party to the doctor relating to non-medical matters. Noting this, a federal court has adopted the sensible rule that the attorney should not be allowed to be present as a matter of right, but only on application to the court showing good reason therefor."
Having concluded that plaintiff does not have an absolute right to have her attorney present at the medical examination requested by defendants, the next question is whether plaintiff has borne her burden of showing special circumstances here, requiring her attorney's presence. The only evidence in the record tending to show such circumstances is an affidavit by one of plaintiff's attorneys that, in certain cases in which he was counsel for the plaintiff, the defendants' examining physicians improperly asked the plaintiff questions which were irrelevant to the medical examination and concerned details of the accident relevant only to the question of negligence and liability. Counsel asserts that as a result of this improper questioning issues of veracity arose between the examining physician and the plaintiff on the trial of the case. The affidavit is in effect an indictment that all physicians examining for defendants are "agents" of the defendant who will deliberately and improperly conduct their examinations and testify at the trial so as to favor the defendant. The affidavit is general in nature as to all physicians examining for defendants. The only mention of Dr. Kenneth Saer in particular is that on one occasion he had other physicians examine a plaintiff without any authority to do so.
Able counsel for defendant has pointed out that the premise of the argument contained in the affidavit is that all doctors retained by defendants to examine plaintiffs will act improperly. We cannot accept such a premise. It must be presumed that doctors will conduct their physical examinations properly. However, if, for good cause shown, the trial judge, in his discretion, decides that a particular doctor may act improperly, he may refuse the request for medical examination; or designate another doctor in whom the court does have confidence; or he may specify the scope of the examination; or require as a condition that plaintiff's counsel be present. No such good cause has been shown in this case.
Although, perhaps, there is not before us plaintiff's request that her husband or her physician be present during the examination, inasmuch as the trial judge made no ruling on these issues, we think that these also would be conditions within the discretion of the trial judge. We note that the plaintiff here is a female. If she objects to being examined by a strange physician without the presence of her husband or her own personal physician or some relative or other person, this may be good cause for the imposition by the trial judge of such a condition. We do not understand that the plaintiff here objects to the examination on this grounds. But, if she did, it would certainly be a matter for proper consideration by the trial judge. Several states have provided by statute that a female has this absolute right. See 64 A.L.R.2d 501.
Next we will consider the issue concerning the previously prepared written medical history. In a very excellent written *666 opinion, the district judge gave his reasons for ruling that the refusal by the plaintiff to give the doctor any information as to her medical history, other than that contained in the written document, did not constitute a compliance with the court's order for a physical examination. We agree with these reasons given by the district court which, briefly stated are: (1) A medical history is a necessary and integral part of a medical examination; (2) such a medical history prepared by plaintiff's attorney, or any other person, may not be sufficient for a doctor's purpose in evaluating the patient's physical condition; (3) in order to give his professional opinion the examining doctor must be allowed to elicit his own medical history because, due to differences in training, experience and background the author of such a previously prepared medical history may omit facts which are of vital significance to the examining physician; (4) no doctor should be required to give his professional diagnosis and opinion as to a person's physical condition, pursuant to a court order, without the right to elicit the medical history which he reasonably deems relevant and necessary for that purpose. No authority has been cited, nor has our research revealed any, relevant to this precise issue. However, we have no difficulty in concluding the ruling of the trial judge was correct.
For the reasons assigned, the writ of certiorari heretofore issued by us is recalled and set aside, the judgment of the district court is affirmed, and this case is remanded for further proceedings. All costs in this court are assessed against the plaintiff-relator.
Writ of certiorari recalled, judgment affirmed and case remanded.

On Application for Rehearing.
En Banc. Rehearing denied.