HOOD, Judge.
We granted defendants’ application for writs to review a judgment of the trial court ordering plaintiff to submit to a medical examination by a doctor of defendants’ choice, but imposing several restrictions on how the examination was to be conducted.
The issue presented is whether defendants have the right to require that plaintiff submit to an unrestricted medical examination conducted by a physician of defendants’ choosing.
Mrs. Anaise C. Robin instituted this suit for damages for personal injuries allegedly sustained by her as a result of a motor vehicle collision. After answering, defendants informally requested that plaintiff submit to a medical examination by Dr. Norman P. Morin, of Lake Charles. In response to that request, counsel for plaintiff wrote to defendants’ attorney advising that Mrs. Robin would submit to an examination by Dr. Morin, but only under the following conditions:
“1. Dr. Morin is not to delve into the question of liability.
“2. He is not to limit the answers of Mrs. Robin to multiple choices.
“3. He is to preserve and produce when he testifies all recordings made during the examination.”
Defendants thereupon filed a formal motion for judgment ordering plaintiff to submit to a relatively unrestricted medical examination by Dr. Morin, alleging in that motion that the doctor would not conduct the examination unless he was permitted to ask multiple choice questions. After a hearing, judgment was rendered by the trial court ordering Mrs. Robin to submit to an examination by Dr. Morin, but *120 decreeing that the examination shall be made under the following conditions:
“1. Dr. Morin is not to delve into the question of liability.
“2. He is not to limit the answers of Mrs. Robin to multiple choices.
“3. He is to preserve and produce when he testifies all recordings made during the examination.
“4. Mr. Robin, husband of plaintiff, shall be permitted to be present during the entire examination.
“5. Counsel for Mrs. Robin, plaintiff herein, shall not be allowed to be present during the examination.”
Upon application of defendants, we granted writs of certiorari, prohibition and mandamus to review that judgment. Plaintiff filed an answer to the application for writs, demanding primarily that the application be denied. Alternatively, she prays: (1) That defendants’ demand that she submit to a medical examination be denied, because “good cause” for such an examination has not been shown; (2) that the ruling of the trial court be affirmed; or (3) that, in the event Dr. Morin is permitted an unlimited interrogation of plaintiff as to the facts, plaintiff have the assistance of counsel during said interrogation. The issues raised by those pleadings were tried and determined by the trial court, and the judgment rendered on those issues is before us now.
Article 1493 of the Louisiana Code of Civil Procedure provides:
“In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending or in which the judgment was originally rendered may order him to submit to a physical or mental examination by a physician, except as otherwise provided by law. The order may be made only on motion for good cause shown and upon notice to the party to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.”
In Simon v. Castille, 174 So.2d 660 (La.App. 3 Cir. 1965), we determined that 'for good cause shown the defendant in a tort action may require the plaintiff, who seeks damages for personal injuries, to submit to a medical examination by a doctor of defendants’ choice. We held that the plaintiff has no absolute right to have her attorney present during that examination, but that the court in its discretion may order that the examination be made in the presence of plaintiff's counsel upon a showing of special circumstances requiring the presence of the attorney. In that case plaintiff failed to show special circumstances sufficient to justify the requirement that her counsel be present during the examination.
We also observed in Simon v. Castille, supra, that the plaintiff in such an action does not have the absolute right to have her husband or her physician present during the court ordered medical examination, but that the court in its discretion may impose such a condition on defendants’ right to have the examination made if special circumstances are shown which require that restriction. In that connection we said, “If she objects to being examined by a strange physician without the presence of her husband or her own personal physician or some relative or other person, this may be good cause for the imposition by the trial judge of such a condition.”
In Lindsey v. Escude, 179 So.2d 505 (La.App. 3 Cir. 1965), we recognized that plaintiff in a tort action does not have the absolute right to require that his or her attorney or some other person be present at the medical examination demanded by defendant. We said there that “a plaintiff may be able to assert good cause why his attorney or some other person should be present at the medical examination.” See also 40 Tulane L.Rev. 404.
*121 The general rule, we think, is that for good cause shown the defendant in a tort action may require that the plaintiff, who claims damages for personal injuries, submit to a medical examination by a doctor of defendants’ choice, and that ordinarily no restrictions of any kind should be imposed as to the scope of that examination or as to the manner in which it is to be made. The trial court, however, may require that the medical examination be made subject to some reasonable restrictions or conditions, if special circumstances are shown requiring that the examination be limited or controlled to that extent.
The issue of whether defendants have shown “good cause” for requiring plaintiff to submit to a medical examination was not raised in or determined by the trial court. It was urged for the first time on this appeal. We have decided to consider that issue, even though it was not ruled on by the trial court.
One of the important issues presented in this case relates to plaintiff’s physical condition. In the event defendants are found to be liable the court will have to consider the nature and extent of plaintiff’s alleged injuries. Mrs. Robin can seek the advice or treatment of as many doctors of her own choosing as she wants, and she can call those doctors as witnesses to testify in her behalf at the trial. Justice demands that defendants also be given the right to require plaintiff to submit to reasonable medical examinations, so that defendants will be able to prepare and present any defense they may have relating to the nature and extent of her alleged injuries. In Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), the United States Supreme Court said:
“ * * * A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury. * * *”
We agree with the following views expressed by the Supreme Court of Colorado in Timpte v. District Court, 161 Colo. 309, 421 P.2d 728, 729 (1966):
“Our Rules of Civil Procedure were adopted to aid the truth-ascertaining process of the courts, but, as yet, it has nowhere been held that the purpose of such rules is to eliminate the adversary system as the foundation of the American judicial process. So long as a plaintiff may select his own doctor to testify as to his physical condition, fundamental fairness dictates that a defendant shall have the same right, in the absence of an agreement by the parties as to who the examining physician will be. * * * ”
Our conclusion is that defendants have shown “good cause” for requiring plaintiff to submit to the medical examination demanded here.
The trial judge, in ordering that plaintiff submit to an examination by Dr. Morin, imposed the condition that “Dr. Morin is not to delve into the question of liability.” Defendants contend that it is necessary for the doctor to know how the accident occurred in order for him to evaluate plaintiff’s injuries, and that the above mentioned restriction thus is unreasonable. Plaintiff, on the other hand, argues that the restriction was properly imposed and that the doctor should not be permitted to question plaintiff as to the facts of the accident, because it “ultimately creates a question of credibility, pitting himself against claimants as to the matters in controversy.”
Dr. Morin testified that it is necessary “to determine the method of injury in order to ascertain what type of damages may have been done,” and that it thus is important for him to obtain many facts relating to the accident in order for him to properly evaluate plaintiff’s injuries. He stated that he “couldn’t care less” as to who may or *122 may not be Hable for damages. We are convinced that it is important for the examining physician to know how the accident occurred.
We have concluded that the evidence-does not justify the restriction imposed by the trial court that Dr. Morin may not delve into the question of liability. Such a restriction would seriously handicap Dr. Morin in conducting his examination, whereas the doctors who examine plaintiff at her request would not be subjected to any such handicap. Dr. Morin will not be permitted to express an opinion as to liability, even if he should form one. If he should testify at the trial that plaintiff gave him a different version of material facts than those which she relates at the trial, then a credibility question would arise which properly should be considered by the court in weighing the evidence. We will not presume, however, that a conflict will arise in the testimony of the doctor and that of Mrs. Robin, or that either of them will misrepresent facts at the trial. On the facts shown here, we do not feel that defendants’ right to have plaintiff examined by a doctor of their choice should be severely restricted solely because a question of credibility might arise.
Our conclusion is that the trial court erred in stipulating that “Dr. Morin is not to delve into the question of liability,” and that the judgment before us now must be amended to delete that restriction.
The trial court also prohibited Dr. Morin from limiting the answers of Mrs. Robin to multiple choices. The doctor testified that he does not limit his patients to a choice of answers, but that he frequently suggests a variety of responses, any of which would have some meaning or significance to him in conducting the examination. In questioning an inarticulate patient as to pain, for instance, he stated that he frequently asks whether it is a burning, throbbing, sharp, dull or pressure pain, because these various types of pain sometimes suggest different types of injuries, and from the patient’s response he is better able to evaluate the injury.
We think the evidence presented does not justify the restriction imposed by the trial court that Dr. Morin is not to limit the answers of Mrs. Robin to multiple choices.
The trial court has required Dr. Morin to preserve and produce when he testifies all recordings made during the examination. The evidence shows that it is Dr. Morin’s practice to dictate the patient’s history and his findings, as revealed by examination. This is done in the presence of the patient, giving the patient the opportunity to make corrections or to ask questions. Plaintiff contends that Dr. Morin dictates rapidly, and that other patients examined by him have attempted to interrupt to make corrections, but that they were brushed aside or ignored. The purpose in wanting the recordings preserved apparently is to show that attempts were made to interrupt, without success.
We see no need for requiring the doctor to preserve and produce the recordings made by him during the examination. The evidence convinces us that the procedure used by Dr. Morin of dictating the history and his findings in the presence of the patient tends to minimize the possibility of error and conflict, rather than to create it. We are unwilling to impose such a requirement on him based solely on the assumption that he will not report correctly the history given to him by the patient.
Plaintiff alleges “that Dr. Morin as to her is a stranger, and she desires the presence of her husband throughout the interrogation and examination.” The evidence does not indicate that Dr. Morin has ever examined or treated plaintiff, and we conclude that he thus is a “stranger” as that term was used in Simon v. Castille, *123 supra. Although Mrs. Robin did not testify at the trial, we believe that the allegations contained in the above mentioned pleading, considered with the evidence which was produced, are sufficient to entitle her to this relief. We thus affirm that part of the judgment which stipulates that “Mr. Robin, husband of plaintiff, shall be permitted to be present during the entire examination.”
For the reasons which we assigned in Simon v. Castille, supra, we hold here that plaintiff has failed to show special circumstances sufficient to justify the requirement that her counsel be present during the examination. We affirm, therefore, that part of the judgment appealed from which decrees “counsel for Mrs. Robin, plaintiff herein, shall not be allowed to be present during the examination.”
For the reasons herein set out, the judgment which is before us for review now is amended by deleting from that judgment the following conditions listed therein: (1) Dr. Morin is not to delve into the question of liability. (2) He is not to limit the answers of Mrs. Robin to multiple choices. (3) He is to preserve and produce when he testifies all recordings made during the examination.
In all other respects the judgment appealed from is affirmed, and we particularly affirm that part of the decree which orders Mrs. Robin to submit to an examination by Dr. Norman Paul Morin, under the following conditions: (4) Mr. Robin, husband of plaintiff, shall be permitted to be present during the entire examination. (5) Counsel for Mrs. Robin, plaintiff herein, shall not be allowed to be present during the examination.
The case is remanded to the trial court for further proceedings consistent with the views herein expressed.
Judgment amended, and case remanded.