297 So.2d 427 (1973)
Mrs. Anaise C. ROBIN
v.
ASSOCIATED INDEMNITY COMPANY et al.
No. 52471.
Supreme Court of Louisiana.
May 7, 1973.
Rehearing Denied May 29, 1973.
*428 J. Minos Simon, Lafayette, for plaintiff-applicant.
Davidson, Meaux, Onebane & Donohoe, V. Farley Sonnier, Lafayette, for defendants-respondents.
DIXON, Justice.
We granted writs in this case to review the disposition of an application to have a personal injury claimant examined by a physician.
Mrs. Anaise C. Robin filed a damage suit, alleging that she had suffered physical injuries when the rear of the pickup truck in which she was a passenger was struck by another vehicle.
The Court of Appeal found (in Robin v. Associated Indemnity Company et al., 260 So.2d 118) that the defendants informally requested that the plaintiff submit to a physical examination by an orthopedic surgeon named by the defendants' lawyer. Counsel for plaintiff agreed to an examination under the following conditions:
"1. Dr. Morin is not to delve into the question of liability.
"2. He is not to limit the answers of Mrs. Robin to multiple choices.
"3. He is to preserve and produce when he testifies all recordings made during the examination."
Upon receipt of the letter containing the conditions, the defendants filed a motion alleging that Dr. Morin would not conduct the examination without the right to ask "multiple choice" questions, and that the defendants were entitled to have an orthopedic consultation "by a doctor of their choice."[1]
Plaintiff filed an opposition to the motion for a physical examination requesting that defendants' motion be denied, or that the restrictions mentioned above be imposed upon the physician. The allegations in the opposition were that the doctor, in the past, had limited the answers of those whom he examined to "multiple choice" answers, distorting the history and symptoms; that the recording procedures of the examination were irregular; that the physician was engaged in "forensic orthopedics," and was rude. In a supplemental opposition, plaintiff alleged that the physical examination was used by this physician as a discovery deposition, and that the plaintiff was entitled to have her counsel present; and that, since the physician was *429 a stranger, she was entitled to have her husband present at the examination.
There was a trial on the motion and the opposition, at which hearing evidence was adduced. The trial judge concluded:
"I am going to order the examination of the patient, the client, by Dr. Morin. And again, I say that Dr. Morin is not to go into the question of liability. He can get all of the facts about the accident he wants to. I think that's proper, and I think what this man just testified to is proper. He can ask him all the facts about how the accident happened, as long as he doesn't go into the question of who was at fault, etc., the liability. Secondly, he is not to limit the answers of the patient to multiple choice. And thirdly, he is to preserve and produce, when he testifies, all recordings made during the examination.
"I am going to overrule the motion by the plaintiff that the attorney be present during the examination. I will allow the husband to be present during the examination.
"I think that covers all matters."
A judgment was signed ordering the examination under the following conditions:
"1. Dr. Morin is not to delve in the question of liability.
"2. He is not to limit the answers of Mrs. Robin to multiple choices.
"3. He is to preserve and produce when he testifies all recordings made during the examination.
"4. Mr. Robin, husband of plaintiff, shall be permitted to be present during the entire examination.
"5. Counsel for Mrs. Robin, plaintiff herein, shall not be allowed to be present during the examination."
When the defendants applied for writs to the Court of Appeal, the first, second and third conditions placed upon the examination were ordered deleted. The fourth and fifth were sustained.
Our examination of the evidence reveals that the plaintiff singularly failed to sustain the allegations concerning abusive practices by the examining physician.
First, although the trial judge adopted the phraseology of the plaintiff, there was no evidence that "multiple choice" questions or answers were used by the physician. The physician did use, as he is entitled to use, questions which, when asked by lawyers, would be called leading and suggestive. On the other hand, there was no evidence adduced by the defendants to show why the physician should not be prohibited from inquiring into the question of liability. The evidence indicated that the physician did not make such an inquiry, but that some inquiry into the nature of the accident for which the plaintiff claims damages is essential to a diagnosis. Further, no reason is advanced by the defendants why, when a controversy is likely to arise over the manner in which the physician interrogates the plaintiff, he should not be required to preserve the recordings which he makes of that examination. Such recordings would protect both the plaintiff and the physician, and might be dispositive of such doubts concerning the fairness of the examination as those raised by this plaintiff.
Plaintiff asked, in the trial court and before us, that defendants' request to have Dr. Morin examine the plaintiff be denied, or, in the alternative, that the order provide that plaintiff's lawyer be allowed to attend the examination. Both requests were denied by the trial court, and we are of the opinion that the trial judge did not abuse his discretion.
Bias and hostility of the physician were the reasons given by the plaintiff for objecting to the examination by this physician. Plaintiff's proof utterly fails to convict the doctor of bias and hostility. As a matter of fact, Dr. Morin, over a given period of time, examined an equal number of *430 injured litigants at the request of plaintiffs' lawyers and defendants' lawyers. No bias or hostility by Dr. Morin to this plaintiff is in the record.
The record indicates that this was not the first occasion on which the lawyer for this plaintiff had objected to medical examinations by this physician. When the trial judge denied the request of plaintiff's attorney to be present at the medical examination, he provided for the abuses feared by the plaintiff's attorney by allowing her husband to be present and by providing that the recording of the examination be furnished when the doctor testified.
The purpose of Code of Civil Procedure article 1493 is to expedite the search for the truth. If the physician who conducts the examination is court-appointed, and not lawyer-selected, there is more reason to expect impartiality than if the physician is selected by one of the parties as his expert. The discovery devices employed in Louisiana and elsewhere, though minimizing surprise in litigation, have not completely removed the partisan nature of a trial. Although it is difficult to understand that the presence of an attorney can ordinarily be of any assistance in the determination of the true facts with reference to the physical condition of an injured litigant, it is also difficult to find good reasons to prohibit the plaintiff from having the reassuring presence of his attorney at the medical examination. Certainly the presence of the attorney would tend to limit such abuses as those of which the plaintiff complains. There may be occasions when the presence of the attorney might prevent an efficient examination, or so inhibit the examination as to destroy its utility (such as a psychiatric examination).
However, we should not, and do not hold that an injured litigant is not entitled to have his lawyer present at an examination by a physician selected by the adverse party.[2]
However, in this case we are convinced that the trial judge did not abuse his discretion in denying, as one of the conditions of the examination, the request of plaintiff's attorney to be present. This plaintiff's attorney has created, by his own actions, an atmosphere of hostility that can only make it more difficult for the court to determine the truth about plaintiff's physical condition. He has made serious accusations[3] against this physician, and has failed to support them with evidence. This record will not support a conclusion that Dr. Morin is either biased against or hostile to plaintiffs in general or this plaintiff in particular.
For these reasons, the judgment of the Court of Appeal is reversed, and the order of the trial court is amended, ordering the examination of Mrs. Robin under the following conditions:
1. Questions unnecessary to the medical examination and tending only toward a determination of questions of liability will not be asked of Mrs. Robin.
2. Recordings made during the examination of Mrs. Robin will be preserved for production at the trial, if required.
3. Mrs. Robin's husband will be permitted to attend the entire examination.
4. Attorneys representing Mrs. Robin will not be permitted to attend the examination.
As thus amended, the judgment of the district court is affirmed, at defendants' cost.
*431 SANDERS, C. J., concurs in decree only.
SUMMERS, J., concurs for reasons assigned.
SUMMERS, Justice (concurring).
I agree with the reasons assigned and the result reached in all respects except the reprimand of plaintiff's counsel. The language of the brief which the Court finds to deserve this treatment is counsel's version of the facts and testimony which he interprets. Counsel is entitled to charge a witness with bias if he finds a basis for it in the record. Of course, we may not agree with his version of the evidence, but we should not deny him the right to argue his point in the strongest terms.
I find counsel's language immoderate and lacking in restraint, perhaps, but I cannot agree that his right to vigorously charge a witness with bias or other disqualification is "insulting or irrelevant cricitism." Rules, La. Supreme Court, IX, Sec. 7. The bias he charges is not only not irrelevant, it is the very basis of this entire controversy.
I respectfully concur.
NOTES
[1] Although Code of Civil Procedure article 1493, copied from Federal Rule 35(a), does not indicate that the defendant is entitled to have an examination made by any particular physician, the plaintiff does not, in these proceedings, contest this allegation, opposing the particular physician named only because of bias and unfair practices. For a collection of cases involving the right of the defendant to designate the physician to examine the plaintiff, see, 33 ALR3d 1012. C.C.P. art. 1493 provides:

"In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending or in which the judgment was originally rendered may order him to submit to a physical or mental examination by a physician, except as otherwise provided by law. The order may be made only on motion for good cause shown and upon notice to the party to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."
[2] Compare Simon v. Castille, 174 So.2d 660 (La.App.3d Cir. 1965). For a collection of cases from other jurisdictions dealing with the right of the injured litigant to have his attorney present at medical examinations, see, 7 A.L.R.3d 881, 64 A.L.R.2d 497.
[3] Nor does the defense lawyer escape the treatment. Plaintiff's original brief contains language that is discourteous, and is not "free from insulting or irrelevant criticism," in violation of our Rule IX, § 7. We choose not to return the brief on this occasion out of consideration for the client. We impose, instead, the sanctions of reprimand and warning.