MR. CHIEF JUSTICE HASWELL,
dissenting:
I dissent. I would not permit a physician’s examining room to be transformed into a legal battleground between opposing attorneys where a reasonable alternative is available.
Rule 35, M.R.Civ.P., permits a defendant in a personal injury action to secure a mental or physical examination of the plaintiff by a physician upon good cause shown. The Rule also provides that a detailed written report of the examination shall be furnished to the plaintiff. Rule 35(b)(1). The court may prohibit admission in evidence of any portion of the medical record not relevant to the lawsuit. Rule 35(b)(2). Thus, if improper or irrelevant questions are asked or answers elicited, the court may deny their admission into evidence. In my view, such procedure is adequate to protect the plaintiff and preferable to the course chosen by the majority.
The following quotation from a case decided under Federal Rule 35 (the same as Montana’s Rule 35 in pertinent part) represents my view:
“. . .The object of a medical examination is to obtain medical data and information as to the plaintiff’s condition. For this purpose the lawyer has no competence, and would not be able to assist or to protect his client. The only validity in the plaintiff’s position would seem to be that if the lawyer is present he would be able to advise his client not to answer questions from the doctor which might constitute admissions with respect to the facts on which legal rights are based.
“The practical and reasonable solution to the question seems to the Court to be to exclude from evidence any statements made by the plaintiff to the doctor relating to non-medical matters. Such an exclusion would constitute a *428 protection to the plaintiff against any admission which might affect his rights, and would allow the physician to make the physical examination in such manner as he deems proper.” Dziwanoski v. Ocean Carriers Corporation (D.C.Md.1960), 26 F.R.D. 595, 597-598, quoting from an unpublished opinion of the Supreme Bench of Baltimore City.
The majority today have established a rule which permits plaintiff’s attorney to be present in the physician’s examining room during the taking of plaintiff’s medical history under all circumstances as a matter of right without any showing of special circumstances requiring the presence of plaintiff’s attorney. In my view, such a broad holding finds no support in the language of Rule 35 and is directly contrary to the well-reasoned opinion in Dziwanoski v. Ocean Carriers Corporation, supra, and Simon v. Castille (La.1965), 174 So.2d 660.
For these two reasons, I respectfully dissent.
MR. JUSTICE WEBER concurs.