# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

# 06-283


**RANDY JAMES HENRY, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATES OF HIS MINOR CHILDREN, KAYLA HENRY, CHRISTOPHER HENRY AND KEVIN HENRY, AND CONNIE HENRY**

**VERSUS**

**DANNY L. BARLOW, U.S. AGENCIES CASUALTY INSURANCE COMPANY, INC., AND CLECO UTILITY GROUP, INC.**


************

**APPEAL FROM THE**
**FOURTEENTH JUDICIAL DISTRICT COURT**
**PARISH OF CALCASIEU, NO. 01-5156**
**HONORABLE WILFORD D. CARTER, DISTRICT JUDGE**

************

**JAMES T. GENOVESE**
**JUDGE**

************


Court composed of Sylvia R. Cooks, John D. Saunders, Jimmie C. Peters, Marc T. Amy, and James T. Genovese, Judges.

**COOKS, J., DISSENTS AND ASSIGNS WRITTEN REASONS.**

                    **WRIT GRANTED AND MADE PEREMPTORY**.

**Steven Broussard**
**Broussard & Hart, L.L.C.**
**1301 Common Street**
**Lake Charles, Louisiana 70601**
**(337) 439-2450**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Randy James Henry, Individually, and as Administrator of the Estates of His Minor Children, Kayla Henry, Christopher Henry and Kevin Henry, and Connie Henry**

**Albin A. Provosty**
**John D. Ryland**
**Provosty, Sadler, deLaunay, Fiorenza & Sobel**
**P.O. Drawer 1791**
**Alexandria, Louisiana 71309-1791**
**(318) 445-3631**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Cleco Utility Group, Inc.**

**C. Shannon Hardy**
**Penny & Hardy**
**100 East Vermillion Street**
**Lafayette, Louisiana 70502-2187**
**(337) 231-1955**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Danny L. Barlow and U.S. Agencies Casualty Insurance Company, Inc.**

**Earl Pitre**
**702 Kirby Street**
**Lake Charles, Louisiana 70601**
**(337) 494-0800**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Danny L. Barlow and U.S. Agencies Casualty Insurance Company, Inc.**

**G. Bruce Parkerson**
**Plauche & Parkerson, L.L.P.**
**201 St. Charles Avenue, Suite 4240**
**New Orleans, Louisiana 70170-4240**
**(504) 582-1142**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Associated Electric and Gas Insurance Services, Limited**

**Christopher R. Philipp**
**P.O. Box 2369**
**Lafayette, Louisiana 70502**
**(337) 235-9478**
**ATTORNEY FOR INTERVENORS:**
    **Town of DeQuincy and Louisiana Municipal Risk Management Agency Workers' Compensation Fund**

**GENOVESE, Judge.**

Defendant, Cleco Utility Group, Inc., seeks supervisory writs from a judgment of the district court granting its motion to compel independent medical examinations of Plaintiff, Randy James Henry, but imposing certain restrictions on the manner in which the examinations are to be conducted, such as requiring Plaintiffs' counsel to be present at said examinations and videotaping said examinations. For the following reasons, we grant Defendant's writ application, make it peremptory, and reverse the judgment of the district court as to the restrictions it imposed on the independent medical examinations.

## FACTS

On November 26, 2000, Plaintiff, Randy James Henry (Henry), was involved in an accident in which he suffered electrical burns to his head and feet. Henry received medical treatment for his injuries from several health care providers, including a neurologist and a clinical psychologist. Defendant, Cleco Utility Group, Inc. (CLECO), requested that Henry undergo examinations by a neurologist and psychologist of its own choosing. Henry refused to submit to the independent medical examinations (IME) unless his attorney was present and the examinations were videotaped. When the parties could not agree on the manner in which the examinations were to be conducted, CLECO filed a motion to compel the independent medical examinations.

CLECO's motion to compel was heard on January 20, 2006. The district court granted CLECO's motion compelling Henry to undergo the independent medical examinations, but ordered that Henry's counsel be present during the examinations and that they be videotaped. A written judgment was signed on January 26, 2006.

1

It is from this judgment that CLECO seeks supervisory writs.

## ISSUE

The sole issue presented for our review is whether the district court erred in permitting CLECO to obtain independent medical examinations of Henry only on the condition that Henry's counsel be present and that the examinations be videotaped.

## LAW AND ARGUMENT

Louisiana Code of Civil Procedure Article 1464 provides as follows:

> When the mental or physical condition of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control, except as provided by law. In addition, the court may order the party to submit to an examination by a vocational rehabilitation expert or a licensed clinical psychologist who is not a physician, provided the party has given notice of intention to use such an expert. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

In the instant matter, it is undisputed that CLECO is entitled to have Henry examined by a neurologist and psychologist of its choice; hence, "good cause" is not at issue. Rather, it is the "manner" and "conditions" imposed upon these examinations which we are called upon to resolve.

CLECO asserts that Henry failed to establish any special conditions warranting the restrictions placed on the requested independent medical examinations. Although Henry raised concerns that the examining physicians would not testify truthfully, CLECO countered that these concerns are common to every independent medical examination. Additionally, while Henry raised the issue of his suffering from a cognitive impairment which may cause communication problems, CLECO contends

2

that these concerns were adequately addressed by permitting Henry's wife to attend the examinations.  We agree with CLECO.

The issue of whether or not a plaintiff has the right to have his or her attorney present during an IME was considered in *Simon v. Castille*, 174 So.2d 660 (La.App. 3 Cir.), *writ denied*, 247 La. 1088, 176 So.2d 145 (La.), *cert. denied*, 382 U.S. 932, 86 S.Ct. 325 (1965).  In *Simon*, the plaintiff asserted that this privilege was "an absolute right." *Id*. at 662.  To the contrary, the defendant argued that the attorney's presence was "merely one of the 'conditions' within the discretion of the trial judge to specify under [La.Code Civ.P. art. 1464].[1]" *Id*. at 662.  This court addressed the issue, stating as follows:

> We note at the outset that the plain language of [La.Code Civ.P. art. 1464] does not provide for the presence of plaintiff's attorney at the examination.  The article clearly gives great discretion to the trial judge. He may deny the motion unless 'good cause' for the examination is shown.  He may 'specify the time, place, manner, conditions, and scope of the examination [. . . . ]'  The defendant does not even have the absolute right to choose the physician, this also being left finally to the court's discretion.  Thus, the language of the statute itself appears to support defendant's position.

*Id.* at 662.  Recognizing that this issue was *res nova* in Louisiana, and after considering the jurisprudence of other states and the Federal Courts, this court, in *Simon*, concluded that a "plaintiff does not have an absolute right to have [his or] her attorney present at [a] medical examination requested by defendants," and went on to address "the next question [of] whether plaintiff [had] borne her burden of showing special circumstances . . . requiring [the] attorney's presence." *Id*. at 665.

Hence, in the instant matter, Henry does not have the absolute right to have his attorney present at the IME as he contends.  Rather, the legal issue before this court

---

[1]*Simon* cites La.Code Civ.P. art. 1493, the current text of which is presently found in La.Code Civ.P. art. 1464.

3

is whether Henry has met his legal burden of proving the requisite special circumstances warranting the presence of counsel and videotaping at his IME. As discussed above, a court may subject the examinations to reasonable restrictions or conditions only if special circumstances are shown. In the instant case, there is insufficient evidence in the record establishing special circumstances warranting said restrictions or conditions. Henry has failed to meet his burden of proof.

The very purpose of an independent medical examination is to determine the extent of the physical or mental injuries alleged to have been sustained by Henry. Since good cause and notice are not at issue, CLECO has the right to have Henry examined by physicians of its choosing to determine the nature and extent of Henry's injuries, including his alleged mental impairment. Henry has not alleged, nor does the record reveal, any evidence which even suggests that the physicians chosen by CLECO are not qualified to perform the examinations. Henry's desire to avoid a "swearing match" at trial does not rise to the level of special circumstances warranting the placement of restrictions on these independent medical examinations.

There are allegations of mental injury in this case. If it is shown that Henry needs assistance at these examinations, then Henry's wife, or a designated family representative, could be allowed to assist him. However, permitting Henry's attorney to be present at these examinations makes the attorney himself a potential witness. Requiring the videotaping of an IME would restrict the number of physicians willing to conduct a videotaped IME under such circumstances. If Defendant's IME is allowed to be videotaped, then Defendant could urge that all of Plaintiff's examinations be videotaped as well, and so forth and so on. That is neither the intent nor the spirit of La.Code Civ. P. art. 1464.

4

In this case, Henry failed to prove that "special circumstances" exist justifying the placement of these restrictions on the independent medical examinations. Accordingly, there is not a sufficient basis for the imposition of the restrictions that Henry's counsel be present at the independent medical examinations and that said examinations be videotaped.

## DECREE

For the reasons set forth above, we grant Defendant's application for supervisory writs, make it peremptory, and reverse that portion of the district court judgment ordering that Henry's counsel be present at the independent medical examinations and that the examinations be videotaped. We remand this matter for further proceedings consistent herewith.

Costs of this appeal are assessed against the Plaintiffs, Randy James Henry, individually, and as administrator of the estates of his minor children, Kayla Henry, Christopher Henry and Kevin Henry, and Connie Henry.

**WRIT GRANTED AND MADE PEREMPTORY.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-283

RANDY JAMES HENRY, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATES OF HIS MINOR CHILDREN, KAYLA HENRY, CHRISTOPHER HENRY AND KEVIN HENRY, AND CONNIE HENRY

VERSUS

DANNY L. BARLOW, U.S. AGENCIES CASUALTY INSURANCE COMPANY, INC., AND CLECO UTILITY GROUP, INC.

COOKS, J. dissents.

I dissent from the majority's reversal of the district court's judgment allowing the mentally injured plaintiff to have his counsel present at the independent medical examination and allowing the examination to be videotaped. The trial judge, after reviewing the matter, granted plaintiff's request that his counsel be present at the examination, but specifically stated that the lawyer could not interfere with the examination in any way or say anything during the proceedings. The majority reverses, finding the plaintiff does not have the absolute right to have his attorney present at the IME. Unfortunately, that was not the issue presented by this case.

While it is correct a plaintiff does not have the "absolute right" to have his attorney present at a medical examination requested by a defendant, it also is true that there is no "absolute bar" to allowing the presence of the attorney. This court's decision in *Simon v. Castille*, 174 So.2d 660 (La.App. 3 Cir.), *writ denied*, 247 La. 1088, 176 So.2d 145 (La.), *cert denied*, 382 U.S. 932, 86 S.Ct. 325 (1965), cited by the majority, makes it clear that La.Code Civ.P. art. 1464 gives great discretion to the trial judge to "specify, the time, place, manner, conditions, and scope of the examination [. . . .]". *Id.* at 662. The court in *Simon*, after determining that a plaintiff does not have an absolute right to have an attorney present, noted the appropriate

question is "whether plaintiff has borne [the] burden of showing special circumstances [exist], requiring [the] attorney's presence." In *Simon*, the trial court did not find any special circumstances existed and did not allow the plaintiff's request to have her attorney present at the examination. On appeal, we noted that the "only evidence in the record tending to show such [special] circumstances is an affidavit by one of plaintiff's attorneys that, in certain cases in which he was counsel for the plaintiff, the defendants' examining physicians improperly asked the plaintiff questions which were irrelevant to the medical examination and concerned details of the accident relevant only to the question of negligence and liability." *Id*. at 665. The trial court rightly concluded this was insufficient to rise to the level of special circumstances requiring the presence of plaintiff's attorney. Our court affirmed, finding the trial court did not abuse its discretion. I agree wholeheartedly with the result reached by both the trial court and our court in *Simon*, and find when the rationale set forth by this court in *Simon* is applied to the facts of this case, an affirmance of the trial court's judgment is also required. The record in this case establishes "special circumstances" exist for allowing the attorney to be present.

Further, the Louisiana Supreme Court in *Robin v. Associated Indemnity Company*, 297 So.2d 427, 430 (La. 1973), set forth in plain detail the intent of article 1464:

> The purpose of Code of Civil Procedure article [1464] is to expedite the search for the truth. If the physician who conducts the examination is court-appointed, and not lawyer-selected, there is more reason to expect impartiality than if the physician is selected by one of the parties as his expert. The discovery devices employed in Louisiana and elsewhere, though minimizing surprise in litigation, have not completely removed the partisan nature of a trial. Although it is difficult to understand that the presence of an attorney can ordinarily be of any assistance in the determination of the true facts with reference to the physical condition of an injured litigant, it is also difficult to find good reasons to prohibit the plaintiff from having the reassuring presence of his attorney at the medical examination. Certainly the presence of the attorney would tend to limit such abuses as those of which the plaintiff complains. There may be occasions when the presence of the attorney

might prevent an efficient examination, or so inhibit the examination as to destroy its utility (such as psychiatric examination). *However, we should not, and do not hold that an injured litigant is not entitled to have his lawyer present at an examination by a physician selected by the adverse party.*

(Emphasis added.)

Although the plaintiff herein may have argued below he had an absolute right to have his attorney present, the record clearly shows the trial court did not find in plaintiff's favor based on that argument. The trial court found plaintiff's mental problems amounted to a cognitive limitation such that it constituted special circumstances justifying the presence of plaintiff's attorney and the videotaping of the examination. I am mystified that the majority states "there is insufficient evidence in the record establishing special circumstances." The trial court noted plaintiff was alleging that his mental condition was a cognitive impairment, and specifically stated this allegation was supported by the records from the Baylor College of Medicine. The record established plaintiff was struck on the top of the head by a falling high voltage cable, causing electricity to course throughout his entire body. The trial judge examined plaintiff's head which still showed significant injuries requiring plaintiff to wear a toupe. The records from Baylor College of Medicine established plaintiff's short term memory was affected, and he had difficulty remembering "names, times, places and current events." The records also noted plaintiff becomes "easily confused with people and a new environment." I find this clearly amounts to the special circumstances required by La.Code Civ.P. art 1464. Without any doubt, the trial court did not abuse its discretion in finding special circumstances in this instance.

What should be the only issue before this court is whether the trial court abused its vast discretion in reaching its conclusion. I submit it did not, and the majority's substitution of its own opinion in place of the trial court's is in derogation of our appellate court function. Although the majority purports to rely on the *Simon* case,

it in fact strays from the obvious intent of that case, *Robin* and La.Code Civ.P. art. 1464, which requires that we give great discretion to the trial judge to specify, the time, place, manner, conditions, and scope of examinations. A proper reading of *Robin*, *Simon* and La.Code Civ.P. art. 1464 requires that we affirm the trial court's rulings in this case. Therefore, I dissent from the majority's opinion.