# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

LEONEL GONZALEZ

VERSUS

T.H.E. INSURANCE COMPANY,
CRESCENT CITY AMUSEMENTS,
LLC, AND OSCAR PARRA

NO.  2022 CW 0420

**JULY 18, 2022**

---

In Re:    T.H.E. Insurance Company, Crescent City Amusements, LLC, and Oscar Parra, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 699398.

---

**BEFORE:    HOLDRIDGE, PENZATO, AND LANIER, JJ.**

**WRIT GRANTED.** The purpose for providing limitations on medical examinations under Louisiana Code of Civil Procedure article 1464 is to restrict the circumstances under which a party may be required to submit his mind or body for examination, thus balancing considerations of the sanctity of the body and the right to privacy with considerations of fairness in the judicial quest for truth. **Hogan v. Morgan,** 2006-0808 (La. App. 1st Cir. 4/26/07), 960 So.2d 1024, 1028, writ denied, 2007-1122 (La. 9/14/07), 963 So.2d 1000. Nevertheless, a physician conducting an Additional Medical Opinion examination is allowed to inquire into the facts of the underlying automobile accident for purposes of a reliable and meaningful diagnosis. **Chaisson v. Hartford Ins. Co.,** 549 So.2d 1297, 1298 (La. App. 3d Cir. 1989) & **Simon v. Castille,** 174 So.2d 660, 665-66 (La. App. 3d Cir. 1965). Accordingly, the district court's March 22, 2022 judgment is amended, such that the AMO physician may inquire from plaintiff the facts of the accident involved in the instant litigation, but may not ask questions that are unnecessary with respect to the physical examination and which tend to bear only on the question of liability.

**GH**
**AHP**
**WIL**

COURT OF APPEAL, FIRST CIRCUIT

_a.Sm_
DEPUTY CLERK OF COURT
FOR THE COURT